**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**BOBBY G. DAVIS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-941-Orl-31DAB**

**JAMES D. OLDHAM, III, and OLDHAM
GROUP, INC.,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST JAMES D. OLDHAM, III (Doc. No. 62)**
>
> **FILED:** May 19, 2008
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED as set forth herein**.

Prevailing Plaintiff Bobby G. Davis seeks a Final Default Judgment against Defendant James D. Oldham, III, ("Oldham"), whom the Court previously found in default. *See* Doc. No. 55. Before final default judgment could be entered against Defendant Oldham, he filed for bankruptcy relief (*see* Doc. No. 44), and the case against him was stayed. *See* Doc. Nos. 45, 50, 54. On May 12, 2008, the Bankruptcy court lifted the automatic bankruptcy stay with regard to these claims (Doc. No. 58), and Plaintiff has now filed this Renewed Motion to enter final default judgment against James D. Oldham,

III. Doc. No. 62. Defendant James D. Oldham has not filed a response to the Motion for Default Judgment[1].

**BACKGROUND FACTS**

The facts leading up to the clerk's entry of default against Oldham Group, Inc. are set forth in detail in the Court's prior Order. Doc. No. 36. To summarize, Davis filed suit against Defendants James D. Oldham and the Oldham Group, Inc. on June 4, 2007. Doc. No. 1. Mr. Oldham failed to return the waiver of service Davis sent to him in this Florida federal case and instead quickly filed his own lawsuit arising from the same stock purchase agreement in Tennessee federal court. Because the waiver of service was not returned, Davis subsequently served Oldham Group, Inc. through a registered agent and Mr. Oldham through personal service. However, neither Oldham Group, Inc. nor Mr. Oldham timely answered and, on Davis's motions, default was entered by the Clerk against both Defendants. Doc. Nos. 9, 14. Davis then moved to enter final default judgments against both Defendants on September 20, 2007. Doc. No. 20. The next day, on September 21, 2007, James Oldham and the Oldham Group moved to vacate the entries of default (Doc. No. 21) and Davis responded (Doc. No. 26). Following an evidentiary hearing on the Motion to Vacate Defaults, the Court denied Defendants' Motion to set aside the clerk's entry of defaults against them and ordered them to file a response to Davis's Motion for Final Default Judgment on November 16, 2007. Doc. No. 36. Instead of filing the court-ordered response to the amounts sought in Davis's Motion for Final Default Judgment, Defendants filed a Motion for Reconsideration and a putative "Opposition" to the Motion for Default Judgment, which the Court denied. Defendant James D. Oldham III subsequently filed a Suggestion of Bankruptcy and the claims against him (only) were stayed. Doc. No. 44, 45.

---

[1] One of Oldham's attorneys filed a "Notice of Unavability" on June 19, 2008, for a period after the response was due. The Notice was stricken. Doc. No. 70.

The district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). The Court has already determined that Oldham Group, Inc. was properly served with a summons and copy of Davis's Complaint and failed to timely response, thus, default was properly entered against the corporation and vacation of the default is not warranted. Doc. No. 36. The Court finds that James D. Oldham, III's failure to timely respond to the Complaint and subsequent entry of default against it served to admit the well pleaded allegations of Davis's Complaint, including that James D. Oldham, III owes Davis more than $4 million. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

**Facts Related to the Motion for Default Judgment**

Because default was properly entered against James D. Oldham, III, he is deemed to have admitted the allegations made in Davis's Complaint. *See* Doc. No. 1. On July 25, 2006, Davis and Oldham Group entered into a Stock Purchase Agreement ("Purchase Agreement") pursuant to which Davis agreed to sell 386.8 million shares of stock in E'Prime Aerospace Corporation to Oldham Group for a total purchase price of $3 million. Doc. Nos. 1 ¶ 5; 1-3. Davis received the initial payment of $500,000 due under the Purchase Agreement on July 31, 2006. Doc. No. 1 ¶ 6. On August 21, 2006, Davis and Oldham Group entered into a Stock Pledge Agreement and Oldham Group executed a Promissory Note in favor of Davis for $2 million. Doc. Nos. 1 ¶ 7; 1-4, 1-5. James D. Oldham executed and delivered a guaranty to Davis (the "Guaranty") which absolutely and unconditionally guaranteed to Davis "the full and prompt payment by the Debtor of the Promissory Note, . . . as well as each and every obligation under the terms of the [Stock Purchase] Agreement."

Doc. Nos. 1 ¶ 11; 1-6. A default under the Purchase Agreement or the Promissory Note also constituted an event of default under the Stock Pledge Agreement. Doc. No. 1 ¶ 8, 10.

Under the terms of the Stock Purchase and Pledge Agreements, Oldham Group and/or Oldham were required to pay an additional $500,000 to Davis by April 25, 2007, which they failed to do. Doc. No. 1 ¶ 12-13. In addition, Oldham Group and Davis were also in default by failing "at closing to [have E'Prime] sign a three-year consulting contract with Davis for $280,000 annually" or provide Davis with a rent-free office for three years, pursuant to the Stock Purchase Agreement. Doc. No. 1 ¶ 14-16. Davis is entitled to the amount due on the Promissory Note and under the Stock Purchase Agreement, and the right to have the pledged stock registered in his name, which shall be sold at public or private sale, at Davis's option. Doc. No. 1.

Default judgment against James D. Oldham, III is appropriate under Oldham's Guaranty of the Oldham Group's indebtedness under the Promissory Note and the Stock Purchase Agreement. *See* Doc. Nos. 1 ¶ 11; 1-6.

**Amount to be Awarded against James Oldham**

Under Federal Rule of Civil Procedure 55(b), if a default judgment is sought for a sum certain or for a "sum which can by computation be made certain," the clerk, "upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear." FED. R. CIV. P. 55(b). Here, Davis's Complaint seeks damages against Oldham Group and James D. Oldham, III for breach of the Stock Purchase Agreement and enforcement of the Promissory Note at issue is for a sum certain which can be determined by reference to the exhibits attached to the Complaint. Doc. Nos. 1; 1-3; 1-5.

Under the plain language of Rule 55(b)(1), no further hearing is necessary because Davis seeks a sum certain. As the Court made abundantly clear in its November 16, 2008 Order, the only issue

remaining is the amount of the computation of damages to which Davis is entitled. Doc. No. 36. Despite this fact, James D. Oldham chose to belatedly argue (not while Defendant Oldham was on the stand under oath at the Evidentiary Hearing, but by a deficient affidavit[2] filed two weeks later) that the stock was never delivered[3] and he was misled about whether the vehicles were "out of the START Treaty." Doc. No. 40.

On November 20, 2007, Davis sought $4,384,710.46 plus taxable costs of $550, exclusive of post-judgment interest. Doc. Nos. 20 (motion); 17 (affidavit in support). In their purported "Opposition," Defendants failed to challenge any particular amount alleged by Davis, but argued only "[a]ny determination of an award of any costs, fees, or other assessments in this case must await further review." Doc. No. 37. Defendants are not in a position to defend their liability in the case; that is foreclosed by their failure to timely defend in the case through James Oldham's gross neglect, evidenced by his testimony. Doc. No. 36 at 7.

Judge Presnell, on this Court's recommendation, previously entered a separate default judgment against Oldham Group on April 16, 2008 for $4,394,905.26. Doc. Nos. 54, 55. Because James D. Oldham has also defaulted on the promises made in the Guaranty, it is respectfully **RECOMMENDED** that a **separate final default judgment** pursuant to Rule 54(b) be entered in favor of Plaintiff Bobby G. Davis against Defendant James D. Oldham, III, jointly and severally with the Oldham Group, Inc. in the amount of $4,385,260.46.

---

[2] The "affidavit" is unsigned and unnotarized and not stated as being made under penalties of perjury; none of the referenced exhibits are on file in the record. Doc. No. 37-2.

[3] As Davis points out, pursuant to the terms of the stock sale, the stock was not to be delivered until he received payment in full, which did not occur because Oldham Group breached the Stock Purchase Agreement.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 27, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy